_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
January 12, 2012

MICHAEL L. TUCHIN (CA State Bar No. 150375)
   *Verified Petition Pending*
MARTIN R. BARASH (CA State Bar No. 162314)
   *Verified Petition Pending*
COURTNEY E. POZMANTIER (CA State Bar No. 242103)
   *Verified Petition Pending*
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Telephone:    (310) 407-4000
Facsimile:    (310) 407-9090
Emails:    mtuchin@ktbslaw.com
          mbarash@ktbslaw.com
          cpozmantier@ktbslaw.com

Proposed Reorganization Counsel for the
Debtor and Debtor in Possession

ROBERT M. CHARLES, JR. (NV Bar No. 6593)
DAWN M. CICA (NV Bar No. 4565)
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Telephone:    (702) 949-8200
Facsimile:    (702) 949-8398
Emails:    rcharles@lrlaw.com
          dcica@lrlaw.com

Proposed Reorganization Co-Counsel for
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No. 2:11-bk-28676 (MKN) |
| NEVADA CANCER INSTITUTE, INC. | Chapter 11 |

**FINAL ORDER AUTHORIZING (A) USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND (B) GRANT OF ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362 AND 363 NUNC PRO TUNC TO THE PETITION DATE**

137303.1 601606984v1

Upon consideration of the motion [Docket No. 9] (the "Motion") of Nevada Cancer Institute, a Nevada nonprofit corporation ("NVCI," the "Borrower" or "Debtor"), for, among other things, entry of an order pursuant to sections 11 U.S.C. §§ 361, 362 and 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 4001(b) of the Local Rules of the Bankruptcy Court for the District of Nevada (the "Local Rules"), (i) granting the Debtor approval on a final basis of the *Stipulation Re (A) Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and (B) Grant of Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362 and 363 Nunc Pro Tunc to the Petition Date* (the "Cash Collateral Stipulation")[1]; notice of the Motion having been given to the 20 largest unsecured creditors of the Debtor, the Committee (as defined below), the United States Trustee, the Prepetition Agent and the Lenders, Oncology Supply and other parties in interest; the Court having conducted a hearing to consider the relief requested in the Motion on December 6, 2011 (the "Preliminary Hearing") and having conducted a final hearing on the Motion on January 11, 2012 (the "Final Hearing"); and upon consideration of and due deliberation on the *Declaration of George D. Pillari in Support of First Day Motions*, the *Declaration of Heather Murren in Support of First Day Motions, the Declaration of Ken Briggs Authenticating Loan and Security Documents,* and the entire record of the Preliminary Hearing and the Final Hearing, including any evidence presented or statements of counsel at the Preliminary Hearing and the Final Hearing; and good and sufficient cause appearing therefore;

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.      The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on December 2, 2011 (the "Petition Date"), and continues to manage its business and property as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.  An official statutory creditors' committee ("Committee") was appointed in the case (the "Case") on

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Cash Collateral Stipulation.

137303.1                                - 1 -

December 16, 2011.

B. The notice given by the Debtor of the Motion constitutes due and sufficient notice of the Motion, of the Preliminary Hearing and of the Final Hearing as required by the Bankruptcy Rules and the Local Rules.

C. Approval of the Cash Collateral Stipulation is necessary to allow the Debtor to continue to maintain its operations, facilitate the sale of those operations (including the Debtor's flagship facility), and reorganize the Debtor's remaining assets and liabilities, thereby maximizing creditor recoveries.

D. The Cash Collateral Stipulation has been negotiated at arms length and in good faith among the Prepetition Agent, Lenders and the Debtor.

E. This Court concludes that entry of this Order is in the best interests of the Debtor's estate and creditors and its implementation should, among other things, provide the Debtor with the necessary liquidity to sustain the Debtor's operations through the closing of the contemplated sale of those operations (including the Debtor's flagship facility), and thereafter to restructure its remaining assets and liabilities, thereby maximizing creditor recoveries.

F. The Court's consideration of the Motion and the Cash Collateral Stipulation is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (M).

G. The statutory predicates for the relief sought herein are Sections 361, 362 and 363 of the Bankruptcy Code, Bankruptcy Rules 4001(b) and 4001(d), and Rule 4001 of the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada.

Based upon the foregoing findings and conclusions, it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED.

2. All of the terms and conditions of the Cash Collateral Stipulation are approved in their entirety with the following modifications:

137303.1

- 2 -

1         a.        The Committee shall be entitled to 3 days notice of any proposed changes to the Budget; provided however that the Committee shall be entitled to preapproval of any change to the $750,000 in the Budget for the Committee professionals, for Committee members, and for payments to unsecured creditors pursuant to the terms of the Settlement Stipulation (defined below).

        b.        The Adequate Protection Liens and Superpriority Claims of the Lenders shall not extend to, or be paid out of the proceeds from, the Avoidance Actions, the Donor-Restricted Funds, the Administration Building Parcel, or the Alta-Hualapai Parcel.

        c.        Upon the effective date (as defined therein) of the Stipulation Regarding Sale Motion, Cash Collateral Motion and Plan of Reorganization among the Debtor, the Prepetition Agent on behalf of the Lenders and the Committee (the "Settlement Stipulation"), the Investigation Period shall be deemed terminated and the stipulations, releases and admissions contained in the Cash Collateral Stipulation, including those set forth in recital paragraphs C, D, E, F, G(i) through (v) and paragraph 12 of the Cash Collateral Stipulation shall be binding upon the Committee.

        d.        There shall be no event of default under the Cash Collateral Stipulation if the Debtor proposes a Plan that is consistent with the Settlement Stipulation and the Plan Support Agreement (as the Plan Support Agreement has been amended in connection with the Settlement Stipulation).

        e.        Counsel for the Committee shall receive copies of any notices or reporting to be provided to the Debtor or the Agent pursuant to the terms of this Stipulation.

3.        To the extent of any discrepancy between this Order and the Cash Collateral Stipulation, the terms of this Order shall be controlling.

4.        The Debtor is authorized to perform and do all acts that are required or contemplated by or in connection with this Order and the Cash Collateral Stipulation.

5.        All obligations of Debtor pursuant to the Cash Collateral Stipulation shall constitute obligations that are valid, binding, and enforceable against the Debtor in

accordance with their terms.

      6.    Subject to the Carve-Out set forth in the Cash Collateral Stipulation, and only to the extent of Oncology Supply's interests in cash collateral of the Debtor, Oncology Supply is hereby granted adequate protection in the form of junior replacement liens against the same types of personal property of the Debtor, of the same validity, enforceability and avoidability, as such prepetition liens Oncology Supply may hold in personal property of the Debtor.  Nothing herein constitutes an adjudication of the nature, extent, validity, enforceability or avoidability of any interests of Oncology Supply in cash collateral or other property of the Debtor.

      7.    The releases contained in the Cash Collateral Stipulation do not release the claims of any non-debtor parties against any other non-debtor parties.  The release pertains only to claims of the estate, including the Committee, against the Released Parties.

      8.    This Order shall be effective immediately upon entry by the Court.

# # #

LOCAL RULE 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

    X    This Court has waived the requirement set forth in LR 9021(b)(1).

    ____    No party appeared at the hearing or filed an objection to the motion.

    ____    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Counsel appearing:

    ____    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order

U.S. Trustee:  Edward M. McDonald Jr  /s/ Edward M. McDonald, Jr. counsel to the US Trustee

[X] approved the form of this order    [ ] disapproved the form of this order

[ ] waived the right to review the order    [ ] failed to respond to the document

Other Party:  Karen Dine for Bank of America, N.A.

[X] approved the form of this order    [ ] disapproved the form of this order

[ ] waived the right to review the order and/or    [ ] failed to respond to the document

Other Party:  Robert Feinstein for the Official Committee of Unsecured Creditors.

[X] approved the form of this order    [ ] disapproved the form of this order

[ ] waived the right to review the order    [ ] failed to respond to the document

Submitted by:
LEWIS AND ROCA LLP

By:   /s/ Dawn M. Cica
Proposed Reorganization Co-Counsel
for Debtor and Debtor in Possession

137303.1      - 5 -

| | |
|---|---|
| 1 | # # # |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

137303.1