MICHAEL L. TUCHIN (CA State Bar No. 150375)
  *Admitted Pro Hac Vice*
MARTIN R. BARASH (CA State Bar No. 162314)
  *Admitted Pro Hac Vice*
COURTNEY E. POZMANTIER (CA State Bar No. 242103)
  *Admitted Pro Hac Vice*
JONATHAN M. WEISS (CA State Bar No. 281217)
  *Admitted Pro Hac Vice*
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA  90067
Telephone:   (310) 407-4000
Facsimile:   (310) 407-9090
Emails:   mtuchin@ktbslaw.com
         mbarash@ktbslaw.com
         cpozmantier@ktbslaw.com
         jweiss@ktbslaw.com

Reorganization Counsel for the
Debtor and Debtor in Possession

ROBERT M. CHARLES, JR. (NV Bar No. 6593)
DAWN M. CICA (NV Bar No. 4565)
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV  89169
Telephone:   (702) 949-8200
Facsimile:   (702) 949-8398
Emails:   rcharles@lrlaw.com
         dcica@lrlaw.com

Reorganization Co-Counsel for the
Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NEVADA CANCER INSTITUTE, a Nevada nonprofit corporation,[1]<br><br>Debtor. | Case No. 2:11-bk-28676 (MKN)<br><br>Chapter 11<br><br>**MOTION FOR APPROVAL OF STIPULATION RE: ASSUMPTION AND ASSIGNMENT OF CONTRACT BETWEEN DEBTOR AND COLLEGE OF SOUTHERN NEVADA**<br><br>Hearing Date:   March 27, 2012<br>Hearing Time:   1:30 p.m.<br>Estimated Time For Hearing: 10 minutes |

---

[1]  The Debtor's address and last four digits of its Federal Tax I.D. are: 10530 Discovery Drive, Las Vegas, NV 89135 [EIN XX-XXX2553].

138239.2

**TO THE UNITED STATES BANKRUPTCY COURT; THE OFFICE OF THE UNITED STATES TRUSTEE; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; THE DEBTOR'S SECURED CREDITORS; AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

Nevada Cancer Institute, a Nevada nonprofit corporation, debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor" or "NVCI") hereby moves this Court under Bankruptcy Code § 365 and Bankruptcy Rule 6006 for an order approving the *Stipulation Re: Assumption And Assignment Of Contract Between Debtor And College Of Southern Nevada* (the "Stipulation") attached hereto as Exhibit 1.

Pursuant to this Motion and the Stipulation, the Debtor seeks to assume and assign a prepetition contract between the Debtor and The Board of Regents of the Nevada System of Higher Education on behalf of the College of Southern Nevada ("CSN") to The Regents of the University of California on behalf of its UC San Diego Health System ("UCSD"), in conjunction with the recent sale of certain of the Debtor's assets to UCSD (the "UCSD Sale").

The Stipulation has been executed by all parties to the proposed transaction: the Debtor, CSN (the non-debtor party to the contract), and UCSD (the assignee of the contract).

This Motion is supported by the annexed legal memorandum ("Legal Memorandum"), the Stipulation, the *Declaration of George D. Pillari in Support of Motion For Approval Of Stipulation Re: Assumption And Assignment Of Contract Between Debtor And College Of Southern Nevada* ("Pillari Declaration) filed concurrently herewith, and the *Declaration of George D. Pillari in Support of First Day Motions* [Docket No. 11] (the "Pillari Background Declaration"), the additional documents referenced in the Legal Memorandum, and the record in this case.

138239.2

- 1 -

**WHEREFORE**, based on this Motion, the annexed Legal Memorandum, the Pillari Declaration and the Pillari Background Declaration, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems necessary and appropriate.

DATED: February 28, 2012

/s/ Courtney E. Pozmantier (*Admitted Pro Hac Vice*)
KLEE, TUCHIN, BOGDANOFF & STERN LLP

Michael L. Tuchin (CA State Bar No. 150375)
Martin R. Barash (CA State Bar No. 162314)
Courtney E. Pozmantier (CA State Bar No. 242103)
Jonathan M. Weiss (CA State Bar No. 281217)
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Telephone:  (310) 407-4000
Facsimile:  (310) 407-9090
Emails:  mtuchin@ktbslaw.com
  mbarash@ktbslaw.com
  cpozmantier@ktbslaw.com
  jweiss@ktbslaw.com

Reorganization Counsel for the
Debtor and Debtor in Possession

-and-

LEWIS AND ROCA LLP

Robert M. Charles, Jr. (NV Bar No. 6593)
Dawn M. Cica (NV Bar No. 4565)
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Telephone:  (702) 949-8200
Facsimile:  (702) 949-8398
Emails:  rcharles@lrlaw.com
  dcica@lrlaw.com

Reorganization Co-Counsel for the
Debtor and Debtor in Possession

138239.2

- 2 -

# LEGAL MEMORANDUM[2]

## I.

## STATUS OF CASE AND JURISDICTION

The Debtor commenced this case on December 2, 2011 (the "Petition Date") by filing a voluntary petition for relief under title 11 of the Bankruptcy Code.

The Debtor is in possession of its property and is operating and managing its business as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

No request for a trustee or examiner has been made. An official committee of unsecured creditors (the "Committee") was appointed by the United States Trustee on December 16, 2011.

This Court has jurisdiction over this case, the Debtor's estate, and this matter pursuant to 28 U.S.C. §§ 1334(a), 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157.

Venue of this case and these proceedings in this District is proper pursuant to 28 U.S.C. §§ 1408, 1409.

The basis for the relief requested herein is Bankruptcy Code sections 105(a) and 365, and Rule 6006 of the Federal Rules of Bankruptcy Procedure.

## II.

## BACKGROUND

**A.    General Background.**

The detailed factual background relating to the Debtor and the commencement of the case is set forth in the Pillari Background Declaration filed on the Petition Date. The Debtor is a nonprofit cancer institute committed to advancing the frontiers of cancer knowledge and treatment. The Debtor formerly maintained a state-of-the-art outpatient cancer treatment and research facility in the Summerlin area of Las Vegas, which recently was sold to UCSD. The Debtor commenced this case for the purposes of effectuating that sale, maximizing value for the

---

[2]  This Legal Memorandum incorporates by reference the capitalized terms defined in the foregoing Motion.

benefit of all stakeholders, restructuring its remaining secured obligations, and preserving its important philanthropic mission.

**B.     The CSN Contract.**

The Debtor and CSN are parties to a certain Subcontract Agreement dated as of April 6, 2010 ("CSN Contract"), pursuant to which CSN agreed to perform certain duties and responsibilities in respect of a grant from the United States Department of Labor ("DOL") titled "An Employment Transition Program for High Demand Health Care Workers in Las Vegas," Federal grant number GJ-20050-10-60-A-32, DFCA number SGA-DFA-PY-09-01 (the "Grant"). NVCI and CSN previously had applied for the Grant, which was awarded to NVCI as the primary applicant. Under the CSN Contract, students of CSN training to be nurses were placed at NVCI for vocational training.

On January 12, 2012, the Court entered its *Order (1) Approving Sale of Debtor's Assets Under Asset Purchase Agreement Free and Clear of Liens, Claims and Encumbrances and (2) Approving Assumption and Assignment of Unexpired Leases and Executory Contracts* [Docket No. 280] (the "Sale Order").

Pursuant to the Sale Order, the Court approved the sale to UCSD of NVCI's flagship treatment and research facility and other assets related to NVCI's cancer treatment operations (the "Cancer Business") pursuant to that certain Asset Purchase Agreement by and between the Debtor and UCSD, dated December 2, 2011 (the "APA"). The sale thereafter closed on January 31, 2012.

The Sale Order did not address the disposition of the CSN contract. Subsequent to the entry of the Sale Order, UCSD requested that the Debtor assume and assign the CSN Contract to UCSD. Pursuant to Section 6.9 of the APA, UCSD reserved the right to request that NVCI assume and assign any contract relating to the Cancer Business that was not assumed and assigned under the Sale Order and not previously rejected by order of the Court (an "Omitted Contract"). *See* APA at § 6.9. UCSD has requested that the CSN Contract be treated as an Omitted Contract under the APA.

CSN asserts that there are amounts owing under the CSN contract pursuant to three invoices submitted to the Debtor: (1) Invoice No. 800256 in the amount of $67,806.52, dated and

1  executed as of July 15, 2011, (2) Invoice No. 800263 in the amount of $89,240.81, dated as of
2  December 5, 2011 and executed as of December 12, 2011, and (3) Invoice No. 800265 in the
3  amount of $15,012.57, dated and executed as of January 12, 2012.

4        The Debtor has reviewed its books and records and agrees that if the CSN Agreement is
5  assumed, $67,806.52 must be paid at the time of assumption and assignment of the CSN
6  Agreement, and $104,253.38 (i.e., the sum of $89,240.81 and $15,012.57) must be paid at the time
7  of receipt of those funds from the DOL.

8        Pursuant to correspondence dated January 12, 2012, the DOL advised through the
9  Associate Solicitor for Employment and Training, Legal Services that the Grant had been
10 "suspended." The Debtor, CSN and UCSD recently have been in discussions with DOL regarding
11 the payment to CSN of Invoice No. 800263 ($89,240.81) and Invoice No. 800265 ($15,012.57)
12 pursuant to the Grant, and the transfer of the Grant to UCSD.

13 **C.    The Stipulation.**

14       As a result of those discussions, the Debtor, CSN and UCSD agreed to enter the
15 Stipulation. The Stipulation provides for the assumption and assignment of the CSN Contract to
16 UCSD and provides the mechanism by which the CSN Contract will be cured and CSN
17 compensated. In conjunction therewith, the DOL, the Debtor and UCSD are working to formally
18 transfer the Grant to UCSD.

19       Specifically, the Stipulation provides that (i) the $67.806.52 amount stated in Invoice No.
20 800256 will be paid by the Debtor, from cash on hand, within five business days of entry of the
21 order approving the Stipulation and (ii) the $89,240.81 and $15,012.57 amounts stated in Invoice
22 Nos. 800263 and 800265 will be paid from funds invoiced and release under the Grant, either by
23 the DOL directly, or either of the other parties that may receive those funds from the DOL (i.e.,
24 the Debtor or UCSD). If for any reason the requisite funds are not released under the Grant by
25 DOL, the parties reserve all of their rights.

138239.2

- 5 -

## II.

## LEGAL ARGUMENT

A.  **Assumption of the CSN Contract Pursuant to the Stipulation is a Reasonable Exercise of the Debtor's Business Judgment and Should be Approved.**

Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may . . . assume any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996), citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994).

The standard applied to determine whether the assumption or rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard. *See Robertson v. Pierce* (*In re Chi-Feng Huang*), 23 B.R. 798, 799-800 (B.A.P. 9th Cir. 1982); *Commercial Fin. Ltd. v. Hawaii Dimensions, Inc.* (*In re Hawaii Dimensions, Inc.*), 47 B.R. 425, 427 (D. Haw. 1985); *see also Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 318 U.S. 523, 550 (1943) ("[T]he question whether a lease should be rejected . . . is one of business judgment.").

In applying the business judgment standard, courts show great deference to the debtor's decision to assume a contract, interfering only where there is evidence of bad faith, self-dealing or other extraordinary circumstances. *See, e.g.*, *Summit Land Co. v. Allen* (*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001). If, however, the debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See Institutional Investors* 318 U.S. at 550; *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.* (*In re Sharon Steel Corp.*), 872 F.2d 36, 39-40 (3d Cir. 1989).

Here, there is no evidence of bad faith, self-dealing, or any other reason that the Debtor's decision to assume and assign the CSN Contract should be disturbed. The Court already has approved the assumption and assignment of numerous contracts to UCSD in conjunction with the UCSD Sale, and found that such assumption and assignment was a sound exercise of the Debtor's business judgment. *See* Sale Order at ¶¶ Q and 11. The Debtor's decision to enter into the Stipulation likewise is appropriate. The Debtor is assuming and assigning the CSN Contract to UCSD in accordance with the APA and is enabling the training program that is the subject of the CSN Contract to continue under the auspices of UCSD, thereby furthering the Debtor's philanthropic mission. For these reasons, the assumption and assignment of the CSN Contract to UCSD under the Stipulation represents a sound exercise of the Debtor's business judgment and should be approved.

**B.    The Parties have Agreed Upon an Appropriate Cure Amount, and UCSD has Provided Adequate Assurance of Future Payment.**

Section 365(b) provides, in pertinent part:

> [i]f there has been a default in an executory contract or unexpired lease of the debtor, the [debtor in possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the [debtor in possession] –
>
>    (A) cures, or provides adequate assurance that the [debtor in possession] will promptly cure such default;
>
>    (B) compensates, or provides adequate assurance that the [debtor in possession] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
>    (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

Thus, satisfying the requirements of section 365(b) entails curing prepetition defaults *and* providing the non-debtor party with adequate assurance of future performance. As discussed, this is an entirely consensual arrangement —CSN has agreed to the assumption and assignment of its contract under the Stipulation. Moreover, both of the requirements of section 365(b) are satisfied

in this instance. First, the parties have agreed, after arms' length negotiations, upon the cure amount and the terms for payment thereof. Second, the parties have agreed on the mechanism of payment, with a portion to be paid by the Debtor, and a portion to be paid with funds from the DOL pursuant to the Grant. (The parties have reserved their rights under the Stipulation regarding the payment to CSN due from the Grant to the extent that the DOL does not release the requisite funds under the Grant.) This consensual arrangement is more than sufficient to satisfy the "cure" requirement of section 365(b). Furthermore, this Court previously found that UCSD had demonstrated adequate assurance of future performance with respect to the myriad other contracts and leases assumed and assigned to UCSD. *See* Sale Order at ¶ R.

### III.

### CONCLUSION

Wherefore, the Debtor respectfully requests that the Court enter an order approving the Stipulation, and granting to the Debtor such other relief as the Court deems necessary and appropriate.

DATED: February 28, 2012

/s/Courtney E. Pozmantier (*Admitted Pro Hac Vice*)
KLEE, TUCHIN, BOGDANOFF & STERN LLP

Michael L. Tuchin (CA State Bar No. 150375)
Martin R. Barash (CA State Bar No. 162314)
Courtney E. Pozmantier (CA State Bar No. 242103)
Jonathan M. Weiss (CA State Bar No. 281217)
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA  90067
Telephone:    (310) 407-4000
Facsimile:    (310) 407-9090
Emails:        mtuchin@ktbslaw.com
               mbarash@ktbslaw.com
               cpozmantier@ktbslaw.com
               jweiss@ktbslaw.com

Reorganization Counsel for the
Debtor and Debtor in Possession

-and-

| | |
|---|---|
| 1 | LEWIS AND ROCA LLP |
| 2 | |
| 3 | Robert M. Charles, Jr. (NV Bar No. 6593)<br>Dawn M. Cica (NV Bar No. 4565) |
| 4 | 3993 Howard Hughes Pkwy., Suite 600<br>Las Vegas, NV  89169 |
| 5 | Telephone:    (702) 949-8200<br>Facsimile:     (702) 949-8398 |
| 6 | Emails:         rcharles@lrlaw.com<br>                       dcica@lrlaw.com |
| 7 | Reorganization Co-Counsel for the<br>Debtor and Debtor in Possession |

138239.2

- 9 -