MICHAEL L. TUCHIN (CA State Bar No. 150375)
*Admitted Pro Hac Vice*
MARTIN R. BARASH (CA State Bar No. 162314)
*Admitted Pro Hac Vice*
COURTNEY E. POZMANTIER (CA State Bar No. 242103)
*Admitted Pro Hac Vice*
JONATHAN M. WEISS (CA State Bar No. 281217)
*Admitted Pro Hac Vice*
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA  90067
Telephone:  (310) 407-4000
Facsimile:   (310) 407-9090
Emails:       mtuchin@ktbslaw.com
                    mbarash@ktbslaw.com
                    cpozmantier@ktbslaw.com
                    jweiss@ktbslaw.com

Reorganization Counsel for the
Debtor and Debtor in Possession

ROBERT M. CHARLES, JR. (NV Bar No. 6593)
DAWN M. CICA (NV Bar No. 4565)
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV  89169
Telephone:   (702) 949-8200
Facsimile:    (702) 949-8398
Emails:         rcharles@lrlaw.com
                     dcica@lrlaw.com

Reorganization Co-Counsel for the
Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NEVADA CANCER INSTITUTE, a Nevada nonprofit corporation,[1]<br><br>Debtor. | Case No. 2:11-bk-28676 (MKN)<br><br>Chapter 11<br><br>**STIPULATION RESOLVING OBJECTION TO ADMINISTRATIVE EXPENSE ASSERTED IN CLASS PROOF OF CLAIM FILED BY SHAMINE POYNOR (CLASS NO. 148)**<br><br>Hearing Date:    May 2, 2012<br>Hearing Time:   11:00 a.m. |

---

[1] The Debtor's address and last four digits of its Federal Tax I.D. are: 10530 Discovery Drive, Las Vegas, NV 89135 [EIN XX-XXX2553].

139421.1

1  This *Stipulation Resolving Objection To Administrative Expense Asserted In Class Proof Of Claim Filed By Shamine Poynor (Class No. 148)* (the "Stipulation") is entered into by and between Nevada Cancer Institute, a Nevada nonprofit corporation (the "Debtor"), the debtor and debtor in possession in the above-captioned case, on the one hand, and Shamine Poynor, by and through her counsel, on the other hand.  This Stipulation is made with reference to the following recitals:

RECITALS

A.    On April 19, 2011, Ms. Poynor commenced a civil action against the Debtor (the "District Court Action") in the District Court for this District, asserting liability on behalf of herself and similarly situated persons, under the Worker Adjustment and Retaining Notification Act, 29 U.S.C. §§ 2101 ("WARN Act"), which was certified as a class action on October 26, 2011.  Ms. Poynor was appointed Class Representative and undersigned counsel was appointed Class Counsel.

B.    On December 2, 2012 (the "Petition Date"), the Debtor commenced the above-referenced case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor has filed in its case the *Amended Plan of Reorganization For Nevada Cancer Institute* (Dated January 31, 2012) (as amended, the "Plan").

C.    As a result of the automatic stay under Bankruptcy Code section 362(a), the District Court action has been stayed since the Petition Date.

D.    On January 30, 2012, Ms. Poynor filed a class proof of claim (subsequently numbered "Claim No. 148" by the Court-appointed claims agent), asserting liability against the Debtor on behalf of herself and the certified class of approximately 150 terminated employees, under the WARN Act.

E.    In addition to asserting a general unsecured claim based upon the Debtor's alleged violation of the WARN Act prior to the Petition Date, Claim No. 148 asserts "an allowed administrative priority claim for the reasonable attorneys' fees and the costs and disbursements incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6)."

F.    On April 2, 2012, the Debtor filed and served the *Debtor's Objection To Administrative Expense Asserted in Class Proof of Claim Filed by Shamine Poynor (Claim No. 148)* [Docket No. 468] (the "Administrative Expense Objection") objecting to the allowance of the

139421.1                                          - 1 -

administrative expense asserted in Claim No. 148, and reserving all rights as to the general unsecured claim asserted in Claim No. 148.

G. On April 18, 2012, Ms. Poynor filed *Plaintiff's Response in Opposition to Debtors' Objection to Administrative Expense Treatment of WARN Class' Attorneys Fees and Expenses* [Docket No. 516] ("Poynor Opposition"), opposing the Administrative Expense Objection.

H. The Debtor and Ms. Poynor have conferred regarding the Administrative Expense Objection and the Poynor Opposition and determined, in an effort to minimize the costs and risk associated with litigation of the issues raised therein, to resolve the Administrative Expense Objection and Poynor Opposition as set forth below.

## STIPULATION

NOW, THEREFORE, the Debtor and Shamine Poynor hereby stipulate and agree to the following:

1. The WARN Class shall have an allowed administrative expense in this case under Bankruptcy Code section 503(b)(1) in the amount of $3,000. This administrative expense shall constitute the only allowed administrative expense of Ms. Poynor and the Class in this case, and all other administrative expenses that have been or may be asserted by Ms. Poynor and the Class are hereby disallowed.

2. The provisions of Paragraph 1 of this Order are without prejudice to the right of Ms. Poynor or the Class to seek allowance of a general unsecured claim for the balance of fees and expenses incurred in connection with Claim No. 148, and without prejudice to any objection that the creditor trust, to be created under the Plan, may assert with respect to such fees and expenses and any other general unsecured claim asserted in Claim No. 148.

3. The Debtor shall satisfy the $3,000 administrative expense allowed in Paragraph 1 by dispatching payment thereof to WARN Class Counsel, Outten & Golden LLP, within five (5) business days of the entry of an order approving this Stipulation.

4. The Court shall retain exclusive jurisdiction over the subject matter of this Stipulation in order to resolve any dispute in connection with the rights and duties specified hereunder.

5. This Stipulation may be executed in original or facsimile signature and in counterpart copies, and this Stipulation shall be deemed fully executed and effective when all parties have executed and possess a counterpart, even if no single counterpart contains all signatures.

STIPULATED AND AGREED TO BY:

Dated: April 25, 2012

NEVADA CANCER INSTITUTE

By: _____
George D. Pillari
Chief Restructuring Officer and President

Dated: April __, 2012

SHAMINE POYNOR

By: _____
René S. Roupinian
Outten & Golden LLP
3 Park Ave, 29th Floor
New York, NY 10016

Counsel to Plaintiff and the Certified Class

5. This Stipulation may be executed in original or facsimile signature and in counterpart copies, and this Stipulation shall be deemed fully executed and effective when all parties have executed and possess a counterpart, even if no single counterpart contains all signatures.

STIPULATED AND AGREED TO BY:

Dated: April __, 2012                     NEVADA CANCER INSTITUTE

                                          By: _____
                                              George D. Pillari
                                              Chief Restructuring Officer and President

Dated: April 25, 2012                     SHAMINE POYNOR

                                          By: _____
                                              René S. Roupinian
                                              Outten & Golden LLP
                                              3 Park Ave, 29th Floor
                                              New York, NY 10016

                                          Counsel to Plaintiff and the Certified Class

139421.1                                       - 3 -