


_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 09, 2012

MICHAEL L. TUCHIN (CA State Bar No. 150375)
   *Admitted Pro Hac Vice*
MARTIN R. BARASH (CA State Bar No. 162314)
   *Admitted Pro Hac Vice*
COURTNEY E. POZMANTIER (CA State Bar No. 242103)
   *Admitted Pro Hac Vice*
JONATHAN M. WEISS (CA State Bar No. 281217)
   *Admitted Pro Hac Vice*
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090
Emails: mtuchin@ktbslaw.com
         mbarash@ktbslaw.com
         cpozmantier@ktbslaw.com
         jweiss@ktbslaw.com

Reorganization Counsel for the
Debtor and Debtor in Possession

ROBERT M. CHARLES, JR. (NV Bar No. 6593)
DAWN M. CICA (NV Bar No. 4565)
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
Emails: rcharles@lrlaw.com
         dcica@lrlaw.com

Reorganization Co-Counsel for the
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NEVADA CANCER INSTITUTE, a Nevada nonprofit corporation,[1]<br><br>           Debtor. | Case No. 2:11-bk-28676 (MKN)<br><br>Chapter 11<br><br>**ORDER APPROVING STIPULATION RESOLVING OBJECTION TO ADMINISTRATIVE EXPENSE ASSERTED IN CLASS PROOF OF CLAIM FILED BY SHAMINE POYNOR (CLASS NO. 148)**<br><br>Hearing Date: May 2, 2012<br>Hearing Time: 11:00 a.m. |

---

[1] The Debtor's address and last four digits of its Federal Tax I.D. are: 10530 Discovery Drive, Las Vegas, NV 89135 [EIN XX-XXX2553].

139502.2

On May 2, 2012, the Court held a hearing on the *Debtor's Objection to Administrative Expense Asserted in Class Proof of Claim Filed By Shamine Poynor [Claim No. 148]* (the "Objection")[1] [Docket No. 468] filed by Nevada Cancer Institute, a Nevada nonprofit corporation, debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"). Appearances were as noted on the record of the hearing.

By the Objection, the Debtor objected to, and moved this Court for entry of an order disallowing the administrative expense asserted by Shamine Poynor for attorneys' fees, costs and disbursements in connection with the claims she has asserted on behalf of a certain class of individuals (the "WARN Class"). Ms. Poynor's class proof of claim was assigned claim number 148 by the Court-appointed claims agent. ("Claim No. 148").

On April 25, 2012, the Debtor filed and served the *Stipulation Resolving Objection To Administrative Expense Asserted In Class Proof Of Claim Filed By Shamine Poynor (Class No. 148)* (the "Stipulation") [See Docket Nos. 535-1 and 539], by which the parties resolved the Objection.

After considering the Objection, the Stipulation, all other pleadings and declarations filed in support thereof, and the record in this case, the Court finds that: (1) the relief to which the parties have stipulated in the Stipulation is in the best interests of the estate; (2) notice of the Objection and of the Stipulation was adequate and appropriate under the particular circumstances and no other notice need be given; and (3) other good and sufficient cause exists for granting the relief agreed to in the Stipulation.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Stipulation is APPROVED.

2. Without limiting the foregoing in any way, the WARN Class shall have an allowed administrative expense in this case under Bankruptcy Code section 503(b)(1) in the amount of $3,000. This administrative expense shall constitute the only allowed administrative expense of

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

139502.2                                                                 1

1 Ms. Poynor and the WARN Class in this case, and all other administrative expenses that have
2 been or may be asserted by Ms. Poynor and the WARN Class are hereby disallowed.

5 Submitted by:

7 /s/ Martin R. Barash (*Admitted Pro Hac Vice*)

Michael L. Tuchin
Martin R. Barash
Courtney E. Pozmantier
Jonathan M. Weiss
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA  90067
Reorganization Counsel for the
Debtor and Debtor in Possession

# # #

139502.2

2

## LOCAL RULE 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

     __X__      This Court has waived the requirement set forth in LR 9021(b)(1).

     _____      No party appeared at the hearing or filed an objection to the motion.

     _____      I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

     _____      I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order

U.S. Trustee: _____

☐ approved the form of this order      ☐ disapproved the form of this order

☐ waived the right to review the order      ☐ failed to respond to the document

Other Party: _____

☐ approved the form of this order      ☐ disapproved the form of this order

☐ waived the right to review the order      ☐ failed to respond to the document

Submitted by:

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By:/s/ Martin R. Barash (*Admitted Pro Hac Vice*)

Reorganization Counsel
for the Debtor and Debtor in Possession

### # # #

139502.2

3